{¶ 1} I must respectfully dissent from the majority's opinion, as I would reverse and remand appellant's adjudication of delinquency.
 {¶ 2} Appellant was a 15-year-old mildly mentally retarded juvenile charged with delinquency by reason of the offense of murder. The psychological expert engaged to determine his competency opined that appellant's competency to stand trial was "marginal, at best."
 {¶ 3} In fact, Dr. Hopes indicated that appellant earned a score of "70" on a test in which a person who earns a score of 70 or more out of 100 is "generally considered" competent to stand trial.
 {¶ 4} As the majority opinion details, Dr. Bobbie Hopes stated that appellant had a rudimentary factual understanding of the nature and objectives of court proceedings, but his ability to understand and accept his attorney's advice, to make decisions about his defense, and to assist his attorney was impaired.
 {¶ 5} Dr. Hopes also stated, "[M]uch will depend upon the ability of his attorney to simplify and explain complex issues to Matthew and to clarify Matthew's often confusing and disjointed statements, the anticipated complexity of the trial and testimony * * * and whether Matthew's testimony is required. It is my opinion that, if these factors all worked in his favor, Matthew would be marginally capable of understanding the nature and objectives of the proceedings and of assisting in his defense, and he would be Competent to Stand Trial. However, if these factors favored a more lengthy, complex trial and Matthew were required to testify, he would not be Competent to Stand Trial."
 {¶ 6} Dr. Hopes' conclusion in her report requires trial counsel, at the very least, to object so that our appellate standard of review would be based on whether reliable, credible evidence supported the trial court's conclusion, instead of requiring the plain error analysis.
 {¶ 7} Based upon the "mixed" findings and conclusions of Dr. Hopes concerning appellant's competency, the facts of this case call for appellant's trial counsel to request and secure a second expert opinion on appellant's competency to stand trial.
 {¶ 8} Therefore, I believe that the actions of appellant's trial counsel were outside the wide range of professionally competent assistance. Further, I find that appellant has shown that he was prejudice by his counsel's actions.
 {¶ 9} For these reasons, I dissent from the majority's opinion.